UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE ELLEN HOLMSTRAND, | No. 2:10-cv-01751-MCE-GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DIXON HOUSING INVESTORS, LP; MCA HOUSING PARTNERS, LLC; FOUNDATION FOR AFFORDABLE HOUSING, INC., FPI MANAGEMENT, INC., DOES ONE THROUGH TWENTY, | |
| Defendants. | |

----oo0oo----

This action arises from the previous tenancy of Plaintiff Sue Ellen Holmstrand ("Plaintiff") at an apartment complex allegedly owned and operated by Dixon Housing, LP ("Dixon"), MCA Housing Partners, LLC ("MCA"), the Foundation for Affordable Housing, Inc. ("FAH"), and FPI Management, Inc. ("FPI", collectively "Defendants"). Plaintiff seeks redress for Defendants' alleged refusal to allow her to form a tenant's association, and for the alleged unauthorized entry into her apartment and destruction of her personal property.

1

There are two issues presently before the Court.  First, Defendants have moved for an order requiring Plaintiff to post security pursuant to Local Rule 151(b), alleging that Plaintiff is a vexatious litigant.  (ECF No. 13.)  Second, Defendants have filed separate motions to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF Nos. 18 and 24.)  For the reasons set below, the Motion to Require Security is denied, and the Motions to Dismiss are granted.

## ANALYSIS

### A. Motion to Require Security

Pursuant to Rule 151(b) of the Local Rules of Practice for the United States District Court, Eastern District of California,[2] the Court may require a plaintiff to post security pursuant to Title 3A part 2 of the California Code of Civil Procedure.  Accordingly, an order to post security is proper upon a showing that the plaintiff is a vexatious litigant and there is no probability that the plaintiff will prevail against the moving defendant.  Cal. Civ. Proc. § 391.1.

///

---

[1] Dixon, MCA and FAH collectively filed a Motion to Dismiss on January 11, 2011.  (ECF No. 18.)  FPI filed its Motion to Dismiss on February 1, 2011. (ECF No. 24.)

[2] All subsequent references to a "Local Rule" is to the Local Rules of Practice for the United States District Court, Eastern District of California.

1  A 'vexatious litigant' is defined by statute, which includes a
2  plaintiff who "has previously been declared to be a vexatious
3  litigant by any state or federal court of record in any action or
4  proceeding based upon the same or substantially similar facts,
5  transaction, or occurrence." Cal. Civ. Proc. § 391(b)(4).[3]

6  Defendants have offered evidence that the Trinity County
7  Superior Court declared Plaintiff a vexatious litigant in 2002,
8  and that Plaintiff is included on the list of vexatious litigants
9  maintained by the Administrative Office of the Courts ("AOC").
10 (Mem. P. & A. in Supp. of Def.'s Mot. 3, ECF 14.)  However, there
11 is no evidence that Plaintiff was declared a vexatious litigant
12 in a case involving the same or substantially similar facts,
13 transaction, or occurrence as the instant litigation. As a result,
14 Defendants have not met their burden to show that Plaintiff is a
15 vexatious litigant pursuant to the statutory definition.[4]
16 ///

---

[3] A plaintiff may also be declared a vexatious litigant under other circumstances not applicable to the instant case. See Cal. Civ. Proc. § 391(b)(1-3).

[4] Defendants' contention that Plaintiff is a vexatious litigant because she is included on the list maintained by the AOC improperly conflates the remedies of an order requiring security and a prefiling order.  A California court may enter a prefiling order prohibiting a vexatious litigant "from filing new litigation in the courts of this state in propria persona without first obtaining leave from the presiding judge of the court where the litigation is proposed to be filed." Cal. Civ. Proc. § 391.7(a).  The AOC is required to maintain a list of vexatious litigants subject to such prefiling orders. Cal. Civ. Proc. § 391.7(e). Failure to comply with a prefiling order potentially subjects a vexatious litigant to contempt of court, but does support an order to post security. See Lucket v. Panos, 161 Cal. App. 4th 77, 84 (2008) (noting the distinction between requiring security in ongoing litigation and imposing a prefiling order requiring a plaintiff to obtain permission from the judge presiding over future litigation).  This is distinct from the order requiring security as described above.

Accordingly, the Court declines to require Plaintiff to post security.[5]

### B.   Motions to Dismiss

Local Rule 230(c) requires that opposition to a motion must be filed not less than fourteen (14) days prior to the date of the hearing.  Pursuant to Local Rule 183(a), a pro se litigant's failure to comply with the Local Rules may be grounds for dismissal.  The hearing on the instant Motions to Dismiss is set for March 10, 2010.  Fourteen days prior was February 24, 2011.  Plaintiff has not filed an opposition as required.  In light of the fact that no opposition has been filed by Plaintiff, dismissal is appropriate.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

**CONCLUSION**

Based on the foregoing, the Motion to Require Security (ECF No. 13) is hereby DENIED, and Defendants' Motions to Dismiss (ECF Nos. 18 and 24) are GRANTED.  Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.[6]

---

[5] Because Defendants have not established that Plaintiff is a vexatious litigant, there is no need to consider whether there is a reasonable probability that Plaintiff will prevail against Defendants in the instant litigation.

[6] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. L.R. 230(g).

4

1  If no amended complaint is filed within said twenty (20) day
2  period, without further notice, Plaintiff's claims will be
3  dismissed without leave to amend.
4      IT IS SO ORDERED.

Dated: March 7, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE