1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   SUE ELLEN HOLMSTRAND,              No. 2:10-cv-01751-MCE-GGH

12          Plaintiff,

13      v.                              <u>MEMORANDUM AND ORDER</u>

14   DIXON HOUSING PARTNERS, LP;
     SIMPSON HOUSING, LLLP; MCA
15   HOUSING PARTNERS, LLC;
     FOUNDATION FOR AFFORDABLE
16   HOUSING, INC.; FPI MANAGEMENT,
     INC.; and DOES ONE through
17   TWENTY,

18          Defendants.

19                              ----oo0oo----

20

21       This action arises from the previous tenancy of Plaintiff

22   Sue Ellen Holmstrand ("Plaintiff") at an apartment complex

23   allegedly owned and operated by Dixon Housing, LP ("Dixon"), MCA

24   Housing Partners, LLC ("MCA"), the Foundation for Affordable

25   Housing, Inc. ("FAH"), and FPI Management, Inc. ("FPI")

26   (collectively, "Defendants").

27   ///

28   ///

                                    1

1  Plaintiff seeks redress for Defendants' alleged refusal to allow
2  her to form a tenants association, in violation of the First and
3  Fourteenth Amendments, and for Defendants' alleged unauthorized
4  entry into her apartment and destruction of her personal
5  property, in violation of the Fourteenth Amendment.  Plaintiff
6  also seeks redress for intentional infliction of emotional
7  distress under California state law.  Defendants have filed
8  separate motions to dismiss Plaintiff's Second Amendment
9  Complaint for failure to state a claim upon which relief may be
10 granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]
11 (ECF Nos. 32-1, 37.)  For the reasons set forth below,
12 Defendants' Motions to Dismiss are granted.[2]

13
14                         **BACKGROUND**[3]
15
16      Plaintiff is legally disabled, and was a resident of the
17 Second Street Senior Apartments in Dixon, California from October
18 2007 to May 2008.  The Second Street Apartments were developed
19 under the Low Income Housing Tax Credit program, which is
20 designed to increase the availability of affordable housing by
21 encouraging private investment in such housing.

22
23      [1] Dixon, MCA and FAH filed a Motion to Dismiss on April 13,
   2011.  (ECF No. 32-1.)  FPI filed its Motion to Dismiss on
24 May 12, 2011.  (ECF No. 37.)

25      [2] Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
26 Local Rule 230(h).

27      [3] The factual assertions in this section are based on the
   allegations in Plaintiff's Second Amended Complaint unless
28 otherwise noted.

                              2

1   The "encouragement" is a tax credit to the private investors.

2   Defendant DHA is the owner of the property, and Defendant FAH is

3   the general partner of Defendant DHA.  Defendant FPI is a

4   property management company.  The true capacity of Defendant MCA

5   is unknown as regards to the Second Street Apartments.

6       In November 2007, the manager of the Second Street

7   Apartments, Carolyn Kennedy, gave notice to the tenants that the

8   building was being sold and that there would be frequent

9   inspections of individual apartments.  Ms. Kennedy informed

10  tenants that they would be given no further notice before

11  management could enter apartments, and further informed tenants

12  that they could be evicted for dirty apartments or other breaches

13  of their leases.  Plaintiff objected, stating that she would not

14  allow inspection of her apartment without forty-eight hours'

15  notice.

16      In November 2007, Plaintiff asked Ms. Kennedy for permission

17  to use the Second Street Apartments' clubhouse to hold a meeting

18  for tenants to inform them of their legal rights.  Ms. Kennedy

19  denied Plaintiff use of the clubhouse.  Plaintiff again requested

20  use of the clubhouse in November and December 2007, and January

21  2008.  Ms. Kennedy denied Plaintiff's request each time.  Tenants

22  were threatened with eviction if they supported a tenants

23  association.  In April and May 2008, Plaintiff attempted to

24  advocate for additional handicapped parking spots at the Second

25  Street Apartments, to no avail.

26  ///

27  ///

28  ///

3

On May 30, 2008, Defendants served Plaintiff with an
unlawful detainer action.  Plaintiff agreed to move out of her
apartment by July 31, 2008.  On July 15, 2008, while the unlawful
detainer proceedings were pending, Defendants entered Plaintiff's
apartment and removed and destroyed Plaintiff's personal
property.  Plaintiff made repeated attempts to contact the
management of the Second Street Apartments regarding the
destruction of her property, but her calls were never returned.
No property was returned to Plaintiff.

**STANDARD**

**A.   Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and are
presumptively without jurisdiction over civil actions.  Kokkonen
v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The
burden of establishing the contrary rests upon the party
asserting jurisdiction.  Id.  Because subject matter jurisdiction
involves a court's power to hear a case, it can never be
forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630
(2002).  Accordingly, lack of subject matter jurisdiction may be
raised by the district court sua sponte.  Ruhrgas AG v. Marathon
Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an
independent obligation to determine whether subject matter
jurisdiction exists, even in the absence of a challenge from any
party."  Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court
to dismiss the action if subject matter jurisdiction is lacking).
///

4

1 **B.    Failure to State a Claim**

2

3     On a motion to dismiss for failure to state a claim under

4 Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of

5 material fact must be accepted as true and construed in the light

6 most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut.</u>

7 <u>Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2)

8 requires only "a short and plain statement of the claim showing

9 that the pleader is entitled to relief" in order to "give the

10 defendant fair notice of what the [...] claim is and the grounds

11 upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

12 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A

13 complaint attacked by a Rule 12(b)(6) motion to dismiss does not

14 require detailed factual allegations.  However, "a plaintiff's

15 obligation to provide the grounds of his entitlement to relief

16 requires more than labels and conclusions, and a formulaic

17 recitation of the elements of a cause of action will not do."

18 <u>Id.</u> (internal citations and quotations omitted).  A court is not

19 required to accept as true a "legal conclusion couched as a

20 factual allegation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950

21 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).  "Factual allegations

22 must be enough to raise a right to relief above the speculative

23 level."

24 ///

25 ///

26 ///

27 _____

28     [4] All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

5

1  <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur

2  R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)

3  (stating that the pleading must contain something more than "a

4  statement of facts that merely creates a suspicion [of] a legally

5  cognizable right of action.")).

6      Furthermore, "Rule 8(a)(2)...requires a showing, rather than

7  a blanket assertion, of entitlement to relief."  <u>Twombly</u>,

8  550 U.S. at 556 n.3 (internal citations and quotations omitted).

9  Thus, "[w]ithout some factual allegation in the complaint, it is

10  hard to see how a claimant could satisfy the requirements of

11  providing not only 'fair notice' of the nature of the claim, but

12  also 'grounds' on which the claim rests."  <u>Id.</u> (citing 5 Charles

13  Alan Wright & Arthur R. Miller, <u>supra</u>, at § 1202).  A pleading

14  must contain "only enough facts to state a claim to relief that

15  is plausible on its face."  <u>Id.</u> at 570.  If the "plaintiffs...

16  have not nudged their claims across the line from conceivable to

17  plausible, their complaint must be dismissed."  <u>Id.</u>  However,

18  "[a] well-pleaded complaint may proceed even if it strikes a

19  savvy judge that actual proof of those facts is improbable, and

20  'that a recovery is very remote and unlikely.'"  <u>Id.</u> at 556

21  (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

22      A court granting a motion to dismiss a complaint must then

23  decide whether to grant leave to amend.  Leave to amend should be

24  "freely given" where there is no "undue delay, bad faith or

25  dilatory motive on the part of the movant,...undue prejudice to

26  the opposing party by virtue of allowance of the amendment, [or]

27  futility of the amendment...."

28  ///

6

1  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Eminence Capital, LLC</u>

2  <u>v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the

3  <u>Foman</u> factors as those to be considered when deciding whether to

4  grant leave to amend).  Not all of these factors merit equal

5  weight.  Rather, "the consideration of prejudice to the opposing

6  party...carries the greatest weight."  <u>Id.</u> (citing <u>DCD Programs,</u>

7  <u>Ltd. v. Leighton</u>, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal

8  without leave to amend is proper only if it is clear that "the

9  complaint could not be saved by any amendment."  <u>Intri-Plex</u>

10 <u>Techs. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056 (9th Cir. 2007)

11 (citing <u>In re Daou Sys., Inc.</u>, 411 F.3d 1006, 1013 (9th Cir.

12 2005); <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160

13 (9th Cir. 1989) ("Leave need not be granted where the amendment

14 of the complaint...constitutes an exercise in futility....")).

15

16 **ANALYSIS**

17 **A.   Lack of Subject Matter Jurisdiction**

18

19     Plaintiff's first cause of action asserts that Defendants

20 violated her right to "peacefully assemble, speak and petition

21 for redress of grievances, and otherwise address rights under

22 both the laws of the State of California and the Constitution of

23 the United States" by denying Plaintiff the use of the Second

24 Street Apartments' clubhouse for a tenants meeting.  (Pl.'s 2d

25 Am. Compl., 12:13-17, ECF No. 31.)  Plaintiff further alleges

26 that tenants were threatened with eviction if they supported a

27 tenants association.  (Pl.'s 2d Am. Compl., 12:18, ECF No. 31.)

28 ///

7

1  Plaintiff's second cause of action alleges that Defendants
2  violated her Fourteenth Amendment Right to equal protection.
3      Plaintiff asserts that because she seeks redress for
4  violations of her First and Fourteenth Amendment rights, the
5  Court has jurisdiction over Plaintiff's lawsuit.  (Pl.'s 2d Am.
6  Compl., 5:11-15, ECF No. 31.)  Plaintiff claims that jurisdiction
7  arises from 28 U.S.C. §§ 2201-02.  Under 28 U.S.C. § 2201, a
8  federal court may declare a plaintiff's rights "[i]n a case of
9  actual controversy <u>within its jurisdiction</u>."  28 U.S.C. § 2201
10 (2006) (emphasis added).  Article III, Section 2 of the
11 Constitution provides that the federal courts shall have
12 jurisdiction over "all Cases, in Law and Equity, arising under
13 this Constitution, the Laws of the United States, and Treaties
14 made...."  U.S. Const. art. III, § 2.
15      The First Amendment of the Constitution provides that
16 "Congress shall make no law...abridging the freedom of speech, or
17 of the press; or of the right of the people peaceably to
18 assemble, and to petition the Government for a redress of
19 grievances."  U.S. Const. amend. I.  The rights enumerated in the
20 First Amendment apply to state and local government actors
21 through the Fourteenth Amendment.  <u>See, e.g.</u>, <u>Cantwell v. Conn.</u>,
22 310 U.S. 296, 303 (1940) ("The fundamental concept of liberty
23 embodied in [the Fourteenth] Amendment embraces the liberties
24 guaranteed by the First Amendment.").  The Fourteenth Amendment
25 provides in relevant part that "[n]o State shall...deny to any
26 person within its jurisdiction the equal protection of the laws."
27 U.S. Const. amend. XIV, § 1.
28 ///

8

1    The United States Constitution protects individual rights,
2    including those rights enumerated in the First and Fourteenth
3    Amendments, from government action only.  Jackson v. Metro.
4    Edison Co., 419 U.S. 345, 349 (1974); Single Moms, Inc. v. Mont.
5    Power Co., 331 F.3d 743, 746 (9th Cir. 2003).  "Only when the
6    government is responsible for a plaintiff's complaints are
7    individual constitutional rights implicated."  Single Moms, Inc.,
8    331 F.3d at 747 (emphasis in original) (citing Brentwood Acad. v.
9    Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)).
10   Thus, to state a claim for a violation of a Constitutional right,
11   a plaintiff must show that the alleged violation was "fairly
12   attributable to the federal or state government."  Lugar v.
13   Edmondson Oil Co., 457 U.S. 922, 936 (1982); Mathis v. Pac. Gas &
14   Elec. Co., 75 F.3d 498, 502 (9th Cir. 1996).

15   Accordingly, private individuals and private entities are
16   not normally liable for violations of most rights secured by the
17   Constitution.  Lugar, 457 U.S. at 936.  The Supreme Court has
18   held that a private actor may be characterized as a state actor
19   when there is a sufficient "nexus" between the state and the
20   private entity.  Jackson, 419 U.S. at 351.  In determining
21   whether the action of a private entity "may be treated as that of
22   the state," courts should consider the following four factors:
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

9

(1) whether "the government compelled the action using its coercive power or provided significant encouragement, either overt or covert, for the action;" (2) whether the government and the private actor willfully participated in the joint activity; (3) whether the government controlled a nominally private actor; and (4) whether the government delegated a "public function" to the private actor.  Single Moms, Inc., 331 F.3d at 747 (internal citations and quotations omitted).  "If there is no state action, the inquiry ends."  United States v. Int'l Bhd. of Teamsters, 941 F.2d 1292, 1297 (2d Cir. 1991).

In the present action, Plaintiff has failed to allege facts sufficient to establish any state action.  Plaintiff alleges that Defendants received a tax credit through the Low Income Housing Tax Credit program. (Pl.'s 2d Am. Compl., 2:4-9, ECF No. 31.) Plaintiff also alleges that the Solano County Tax Assessor is a co-owner of the Second Street Apartments. (Pl.'s 2d Am. Compl, 4:15, ECF No. 31.)  However, these facts do not establish that the government used its coercive power or encouraged Defendants to violate Plaintiff's rights, that the government willfully participated with Defendants in the joint activity of denying Plaintiff's rights, that the government controlled any of the nominally private Defendants, or that the government delegated a public function to Defendants.  In short, Plaintiff has failed to establish a sufficient "nexus" between the private Defendants and any state actor.

///

///

///

Because Plaintiff has failed to allege a government action, or any facts that would permit the Court to characterize the private Defendants as government actors, Plaintiff does not have a cause of action arising under the Constitution or the laws of the United States.  As such, the present action is not within the Court's jurisdiction as set forth by Article III of the Constitution.

**B.    Failure to State a Claim Upon Which Relief Can Be Granted**

Plaintiff alleges both federal and state causes of action and requests relief accordingly.  The issue before the Court is not the substance of these various claims, but whether Plaintiff has pled sufficient facts as a general matter.  While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable theory. See supra.

**C.    Plaintiff's First and Second Causes of Action**

Plaintiff alleges that Defendants violated Plaintiff's First and Fourteenth Amendment rights by refusing to allow her to form a tenants association, entering her home without permission, and destroying her personal property.  As indicated above, in order for a plaintiff to properly bring suit against a private actor for violations of these Constitutional rights, the plaintiff must establish a sufficient "nexus" between the state and the private entity may establish that a private actor is properly characterized as a state actor.  Jackson, 419 U.S. at 351.

11

However, Plaintiff has failed to plead any facts that establish
such a nexus between the state and Defendants in the present
case.  See supra.  Plaintiff has plead no facts that show that
the government coerced or encouraged Defendants to violate
Plaintiff's rights, that the government willfully participated in
Defendants' activities, that the government controlled
Defendants, or that the government delegated a public function to
Defendants.  See supra; see also Single Moms, Inc., 331 F.3d at
747 (articulating the four factors for a court to consider).

     Even assuming the Court had subject matter jurisdiction over
Plaintiff's claims, Plaintiff has failed to plead facts
sufficient to state a claim upon which relief can be granted.
While a complaint attacked by a Rule 12(b)(6) motion to dismiss
does not require detailed factual allegations, a plaintiff must
nonetheless provide "the grounds of his entitlement to relief."
Twombly, 550 U.S. at 555.  A plaintiff must make a "showing,
rather than a blanket assertion, of entitlement to relief."  Id.
at 556 n.3.  In the present case, Plaintiff has failed to make
such a showing.  Plaintiff has not pled facts sufficient to show
that Defendants may be properly characterized as state actors,
and Plaintiff has likewise failed to plead facts sufficient to
establish the requisite state action.  Plaintiff has therefore
failed to state a claim upon which relief can be granted.  Thus,
even were jurisdiction proper, Plaintiff's claims would
nonetheless fail under the standards of Rule 12(b)(6).
Defendants' Motions to Dismiss are therefore granted as to
Plaintiff's first and second causes of action.
///

1   **D.   Plaintiff's Remaining Cause of Action**

2

3        Plaintiff's federal claims presently dismissed, the Court

4   declines to exercise supplemental jurisdiction over the remaining

5   state law causes of action.   The Court need not address the

6   merits of the Motions to Dismiss with respect to the remaining

7   state law cause of action, as the issue is now moot.

8

9   **E.   Leave to Amend**

10

11        Having granted Defendants' Motions to Dismiss, the Court

12  must decide whether to grant Plaintiff leave to amend.   Leave to

13  amend should not be granted when doing so constitutes an exercise

14  in futility.   <u>Foman</u>, 371 U.S. 178, 182.   In the present action,

15  Plaintiff has filed three complaints, and each has failed to

16  properly state a cause of action.   Allowing Plaintiff additional

17  amendments would, at this point, constitute an exercise in

18  futility.   Furthermore, Plaintiff has no standing to bring the

19  claims that she asserts against Defendants in this lawsuit.   <u>See</u>

20  <u>supra</u>.   As such, the Court fails to understand how further

21  amendment could save the complaint.   Accordingly, Defendants'

22  Motions to Dismiss are granted without leave to amend.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motions to Dismiss (ECF Nos. 32-1, 37) Plaintiff's Second Amended Complaint (ECF No. 31) are GRANTED without leave to amend.  The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: June 29, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE